FORET, Judge,
concurring in part and dissenting in part.
I concur in the granting of the judgment for the actual amount owed by the defendant to the plaintiff. The trial judge decided a factual issue in favor of the plaintiff, and I don’t see a reversible error in that respect.
I dissent, however, from the decision holding the transaction to be an “open account” under the applicable statute, and would therefore deny the award of attorney’s fees. I dissent firstly, because I do not believe that this is an open account transaction. In my view, for an account to be termed an open account transaction, payment is not necessarily expected at the completion of the transaction, and that a credit situation is intended, e.g., payable by the 10th of the following month, etc. In this case, payment seems to have been expected at the time of the transaction. The “transaction” involved the purchase of fifty-four some odd yards of concrete, at a price of $40 per yard, for a one time proposition. Two days after the completion of the job, which rather seems to me to be a contract job, the plaintiff, immediately demanded payment of the whole amount. This is not how a charge account usually works.
Secondly, I dissent for the reason that, in my view, the defendant had a right to challenge the quality of the concrete delivered by the plaintiff. Defendant alleged that the PSI strength of the concrete (2500) delivered by the plaintiff was not that which he had requested (3000 PSI). While the trial judge ultimately found that plaintiff owed the money, a serious and not unreasonable defense was presented by the defendant. Suppose the trial judge had reduced the amount owed (a reduction of purchase price), the amount sued on by plaintiff would then have been incorrect. A question comes to mind of the effect of the majority’s opinion. Is a defendant, claiming a defective product was sold to him, on credit, put at risk if he contests the quality, that if he loses at trial, that he would become liable for attorney fees, even *144 though he made a good faith defense of the amount owed? I am not sure that such an interpretation would pass constitutional muster of due process provisions of our constitution, both in the traditional notion of due process, and further on our provisions that provide that the courts shall be open to everybody. Should we penalize this defendant for going to court on what he thought, and his lawyer thought, was a good faith defense? I think not, and accordingly, I respectfully dissent.